1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARA LEA NOYES,

                          Plaintiff,

     v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

                        Defendant.

CASE NO.  C09-5102FDB

REPORT AND RECOMMENDATION

Noted for September 25, 2009

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of  H.E.W. v. Weber, 423 U.S. 261 (1976).  This matter has been briefed.  After reviewing the record, the undersigned recommends that the Court affirm the administration's decision.

INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff, Sara Noyes, was born in 1951.  She graduated high school, and in 1971, Ms. Noyes completed two years of college with training to be a legal secretary.  Tr. 72.  She has past work experience as an office manager, data center librarian, purchasing coordinator and project

REPORT AND RECOMMENDATION - 1

support instructor. She stopped working in 1996, when her employer was bought by another

company and moved her position to Kentucky. At the time, plaintiff was capable of working,

but decided to stay home with her youngest son, who was still in school.

A few months before her son graduated from high school, Ms. Noyes experienced

abdominal pain, and on April 5, 1999, she was examined by Dr. Gore for possible appendicitis.

Tr. 150. The same day, Dr. Duras performed an exploratory laparoscopy to pinpoint the source

of plaintiff's pain. Dr. Duras found a mass in plaintiff's cecum[1], and the decision was made to

convert the procedure to an open laparotomy. Tr. 148. With plaintiff's abdomen opened, Dr.

Duras found the mass to be a "giant diverticulum measuring approximately 3.5 cm in greatest

dimension, containing an almost golf ball sized mass of hard stool."[2] *Id.* Dr. Duras removed the

mass, performing a right colectomy, which unfortunately included the removal of plaintiff's

ileocecal valve[3]. *Id.* Plaintiff stated that before she had this surgery, she had intended to return

to work after her son graduated from high school. Tr. 401. Plaintiff alleges she has been unable

to return to work, as planned, due to chronic diarrhea. *Id.* Plaintiff's diarrhea is a consequence

of the removal of her ileocecal valve.

Plaintiff filed an application for social security benefits on December 28, 2005, alleging

an onset date of April 30, 1999. Tr. 24, 60-62. An administrative hearing before an

administrative law judge ("ALJ") was held on April 3, 2008. Tr. 24, 403-432. Testimony was

taken from Plaintiff, Dr. Robert Nielsen, a medical expert, and Olof R. Elofson, Ph.D., a

---

[1] The cecum marks the beginning of the large intestine and is basically a big pouch that receives waste material from the small intestine.

[2] A diverticulum is a pouch that has developed in the colon, which bulges outward through weak spots. If a pouch becomes infected or inflamed, the condition is called diverticulitis.

[3] The ileocecal valve passes digested material from the small intestine into the large intestine.

REPORT AND RECOMMENDATION - 2

vocational expert. After considering the record and testimony, the ALJ issued a decision on April 26, 2008, denying Plaintiff's request for social security benefits. Tr. 24-34.

Specifically, the ALJ explained that Plaintiff was entitled to benefits if she could prove disability prior to her last date insured, December 31, 2001. The ALJ found that Plaintiff was not disabled during the relevant time period. The ALJ stated that Plaintiff's colectomy and related hernias caused severe impairments, but that the impairments did not prevent Plaintiff from performing past work as an office manager prior to December 31, 2001. Tr. 24-34.

Plaintiff appealed the ALJ's decision to the administration's Appeals Council, but her request for review was denied. Tr. 13-15. Accordingly, the ALJ's decision is the final administrative decision, subject to judicial review. 20 C.F.R. §§ 404.981, 422.210.

On February 25, 2009, Plaintiff filed her Complaint with the court. Plaintiff challenges the ALJ's decision, clarifying the following claims in her Reply Brief (Doc. 13):

(1)     Whether the ALJ failed (at step-three) to find that Plaintiff had an impairment or combination of impairments that met or medically equaled a "Listing"; and

(2)     Whether the ALJ properly assessed (at step-three) Plaintiff's residual functional capacity; and

(3)     Whether the ALJ properly concluded (at step-four) Plaintiff retained the ability to perform past relevant work as an office manager.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 201 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

Plaintiff bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if her impairments are of such severity that he or she is unable to do her previous work, and cannot, considering his or her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

## DISCUSSION

### A.    At Step Three The ALJ Properly Found Plaintiff's Impairments, Or Combination Of Impairments, Did Not Meet Or Equal Any Of The Listed Impairments

Plaintiff argues the ALJ should have concluded that her impairments met or equaled the terms of Section 5.00 of the Listing of Impairments.

At step three of the administrative process, if the administration finds that the claimant has an impairment(s) that has lasted or can be expected to last for not less than 12 months, and is

REPORT AND RECOMMENDATION - 4

included in Appendix 1 of the Listings of Impairments, or is equal to a listed impairment(s), the claimant will be considered disabled without considering age, education and work experience. 20 C.F.R. § 404.1520(d).

In the present case, the ALJ considered the medical evidence and concluded, "Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, and 404.1526)." Tr. 29.

Plaintiff does not specify which subsection of Section 5.00 of the Listings she is claiming her condition meets or is equal to, and there are several subsections. Section 5.06 deals specifically with Irritable Bowel Syndrome and Section 5.07 pertains to Shortened Bowel Syndrome. Either of these two sections could be a candidate for review, but again, Plaintiff does not make any effort to show the court how her conditions meets or equals either of these two syndromes. More significantly, neither the medical records nor the Plaintiff provide any evidence or support for the ALJ to find that her condition meets or is equal to one or both of these two listed conditions. Plaintiff has not satisfied her burden to produce the evidence and show the administration how her impairments meet or equal a listed impairment. Accordingly, the ALJ did not err when he found Plaintiff's severe impairments did not meet or equal any of the listed impairments.

Plaintiff argues the ALJ failed to fully credit the opinions of Dr. Duras, Dr. Priebe, Dr. Hirota, and Dr. Gore. The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). The ALJ may not, however, substitute his or her own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982).

REPORT AND RECOMMENDATION - 5

Specifically at issue is the frequency in which Plaintiff has diarrhea during the relevant time period (April 1999 until December 31, 2001), and whether or not Plaintiff was capable of working during that time frame. Here, the ALJ heavily weighed the physician's reports generated during the relevant time period. Conversely, the ALJ appropriately gave little weight to the statements and reports made after the fact, i.e., the statements and reports had been prepared several years after Plaintiff's last insured date and appeared to be made in hindsight. For instance, the ALJ focused on the September 22, 2009 and December 13, 1999 reports of Dr. Preibe (Tr. 214, 203), and the December 27, 1999 report of Dr. Duras (Tr. 178).

In September 2009, Dr. Preibe reported Plaintiff was experiencing diarrhea, but opined that the diarrhea would become more solid as her body adapted to the recent surgery. Tr. 214. In December 2009, Dr. Priebe reported, "At times she does have diarrhea but these episodes are rather infrequent." Tr. 203. Similarly, Dr. Duras reported only an "occasional problem with diarrhea". Tr. 178. The ALJ relied heavily on these reports and noted that there were no medical records related to Plaintiff's intestinal problems from 2002, 2003, or up until July 2004, well past December 2001. Tr. 28.

The court finds no merit in Plaintiff's argument that the ALJ failed to properly consider the medical evidence. The ALJ properly analyzed the medical opinions, giving more weight to the contemporaneous medical reports, and less weight to the reports and testimony provided several years past Plaintiff's last date insured. The ALJ has the authority to make those decisions.

**B.**   ***The ALJ Properly Evaluated Plaintiff's Residual Functional Capacity At Step Three***

"[R]esidual functional capacity" (RFC) is "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20

REPORT AND RECOMMENDATION - 6

C.F.R. § 404, Subpart P, App. 2 § 200.00(c) (emphasis added).  In evaluating whether a claimant

satisfies the disability criteria, the Commissioner must evaluate the claimant's "ability to work on

a sustained basis."  20 C.F.R. § 404.1512(a). The regulations further specify:  "When we assess

your physical abilities, we first assess the nature and extent of your physical limitations and then

determine your residual functional capacity for work activity on a regular and continuing basis."

Id. at § 404.1545(b).  If the RFC assessment conflicts with an opinion from a medical source, the

adjudicator must explain why the opinion was not adopted.  20 CFR §§ 404.1527, 416.927.

Plaintiff's RFC was assessed by the ALJ as follows:

> After careful consideration of the entire record, I find that, through the date last
> insured, the claimant had the residual functional capacity to perform sedentary
> work as defined in 20 CFR § 404.1567(a).  Specifically, she could occasionally
> lift and carry 10 pounds, frequently lift and carry less than 10 pounds, stand 4
> hours in an 8-hour workday, walk 4 hours in an 8-hour workday, and sit about 6
> hours in an 8-hour workday.  She must periodically alternate sitting and standing
> to relieve pain and discomfort.  She was limited to occasional stooping,
> crouching, and climbing of ramps and stairs with no climbing of ladders, ropes,
> scaffolding.  She needed access to bathroom facilities and should avoid hazards
> such as working around machinery or heights.

Tr. 29.

After reviewing the record, the undersigned finds the ALJ's RFC finding is properly

supported by substantial evidence.  The medical evidence relied upon by the ALJ supports the

RFC assessment.  As discussed above, the ALJ properly relied on the contemporaneous

evaluations and reports of Dr. Priebe and Dr. Duras.   Similarly, the ALJ properly rejected or

gave less weight to the later dated medical opinions and Plaintiff's allegations that her diarrhea

was more severe than previously reported.

REPORT AND RECOMMENDATION - 7

*C.* ***At Step-Four The ALJ Properly Assessed Plaintiff's Ability To Perform Past Relevant Work***

At step-four in the evaluation process, the ALJ must determine if an impairment(s) prevents the claimant from doing past relevant work. If the ALJ finds that the claimant has not shown that he is incapable of performing past relevant work, the claimant is not disabled for social security purposes and the evaluation process ends at this point. 20 C.F.R. § 404.1520(e). Plaintiff bears the burden to establish that she cannot perform his past work. Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995), *cert. denied*, 116 S.Ct. 1356 (1996).

Plaintiff argues the ALJ failed to properly evaluate Plaintiff's ability to perform past relevant work as an office manager. Plaintiff specifically argues the ALJ's finding that she retained the ability to perform this job is erroneous because it does not take her diarrhea into account and her need to go to the bathroom unexpectedly at any time during the day. In other words, plaintiff's argument is premised on the previous assertion that the ALJ failed to properly weigh the medical evidence.

As discussed above, the court finds no error in the ALJ's consideration of the medical evidence and finding that, during the relevant time period, Plaintiff's diarrhea was under reasonable control and not as severe as alleged. In his hypothetical posed to the vocational expert, the ALJ included the need to access bathroom facilities and periodic alternating sitting and standing in the residual functional capacity finding. Tr. 29, 429. The vocational expert testified that a person with Plaintiff's RFC would be able to work as an officer manager. Tr. 430. The ALJ properly relied on the testimony of the vocational expert to determine that Plaintiff could return to her past relevant work as office manager, as that job was generally performed in the national economy. Tr. 34.

1

2
## CONCLUSION

3
Based on the foregoing discussion, the Court should affirm the administrative decision.

4
Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

5
parties shall have ten (10) days from service of this Report to file written objections. *See also*

6
7
Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

8
purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit

9
imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 25,

10
2009, as noted in the caption.

11
DATED this 31st day of August, 2009.

12

13

14
J. Richard Creatura
United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 9